### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | Case No. 2:25-cr-214-RAH-CWB-2 |
| ) | |
| SEAN EDWARD YOUNG    ) | |

### ORDER

Defendant Young is under indictment for Conspiracy to Advertise Child Pornography and Conspiracy to Distribute Child Pornography. (*See* Doc. 23). In response to the Government's Motion for Detention (*see* Docs. 32 & 60), the court held an evidentiary hearing on August 4, 2025 pursuant to the Bail Reform Act. *See* 18 U.S.C. § 3142(f).

Under the Bail Reform Act, pretrial detention must be ordered if "the [court] finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(e)(1). To warrant the necessary finding, the Government must demonstrate (1) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community or (2) by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance. *See United States v. King*, 849 F.2d 485, 488-89 (11th Cir. 1988). In determining whether either of those alternate burdens has been satisfied, the court is required to consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—

1

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. …

18 U.S.C. § 3142(g). *See also United States v. Dempsey*, No. 20-14162, 2022 WL 711290, *2 (11th Cir. Mar. 10, 2022) ("Under § 3142(g), the district court is to consider the following factors: the nature and circumstances of the offense …; the weight of the evidence against the defendant; the defendant's history and characteristics, including his past conduct and criminal history; and the nature and seriousness of the danger that would be posed by his release.").

Because of the particular charges brought in this case, a rebuttable presumption exists that detention is required. *See* 18 U.S.C. § 3142(e)(3)(E). The court accordingly explained at the detention hearing that the burden of production fell initially upon Defendant Young to rebut the presumption through the submission of relevant evidence—with the understanding that the burden of persuasion would lie at all times with the Government. *See King*, 849 F.2d at 488-49.

In an attempt to rebut the statutory presumption of detention, Defendant Young submitted letters from his wife and stepdaughter reflecting that he would have family support if released. Coupling that evidence with the recommendation of release from the Pretrial Services Report, the court found the record adequate to rebut the presumption of detention and shift proceedings to the Government for a presentation of evidence in support of its ultimate burden of persuasion. The Government responded by presenting video testimony from David Backlund (Special Agent, Federal Bureau of Investigation) detailing the investigation into Defendant Young.

Upon conclusion of all evidence, the court afforded counsel for the parties an opportunity to present oral argument in support of their respective positions. And after viewing all of the evidence and argument in light of the factors set forth in 18 U.S.C. § 3142(g), the court concluded on the record that the standard for pretrial detention was met. Additional rationale is set out below.

*Risk of Danger*

Beginning with the nature and circumstances of the offenses, 18 U.S.C. § 3142(g)(1), the evidence presented to the court was sufficient to establish that the underlying offenses arise from Defendant Young's use of a Dark Web website tailored to child pornography and pedophilia. Specifically, Defendant Young was shown to have been a prolific poster on the website as recently as July of 2024. His activity was so extensive that he had earned the designation of "Super Star." Given the quantity of child sexual abuse material involved in the charged offenses, along with the grotesque nature of the material itself, the court finds that the nature and circumstances of the offenses tip sharply in favor of detention.

With respect to the weight of the evidence, 18 U.S.C. § 3142(g)(2), it appears at this early stage that the evidence against Defendant Young on the charged offenses is strong—including both digital evidence and Defendant Young's own post-*Miranda* admissions. Although the court certainly is not making a determination of guilt or innocence at this early stage, it does find the overall strength of the evidence to weigh in favor of detention.

With respect to Defendant Young's history and characteristics, 18 U.S.C. § 3142(g)(3), the court begins by observing again that Defendant Young has been shown to have extensive involvement in child pornography. Not only does the evidence reflect that Defendant Young posted aggressively during the period the subject website was operational, it further establishes that he continued to collect child sexual abuse material after the website ceased operation—making

preparations to post additional content in the future. Such conduct obviously perpetuates the abuse of children in that it drives demand to create child sexual abuse material. Beyond that, the evidence additionally establishes that Defendant Young for over a decade committed hands-on sexual abuse of the worst imaginable type against his own stepdaughter. Even though the abuse occurred some years in the past, it remains fresh enough that Defendant Young has continued to provide graphic recounts on the subject website. That Defendant Young could commit heinous acts against his own stepdaughter and then gloat about his deplorable conduct to others leaves no doubt in the court's mind that his history and characteristics overwhelmingly favor detention.[1]

Finally, with respect to the nature and seriousness of the danger posed by pretrial release, 18 U.S.C. § 3142(g)(4), the court deems it reasonably likely that Defendant Young would continue to seek out child sexual abuse material online and potentially attempt to advertise/distribute those materials. Equally concerning to the court is that Defendant Young might again engage in hands-on sexual abuse of one or more minors. By his own admission, he did so as to his stepdaughter for the majority of her childhood. And evidence exists that he also might have sexually abused other minors in the past. So whether analyzed in terms of posing a risk of physical danger or in terms of posing a risk of danger via ongoing criminal conduct to the detriment of the community, *see King*, 849 F.2d at 487 n.2, the nature and seriousness of the danger here provides additional support in favor of detention.

---

[1] The court recognizes that Defendant Young has strong ties to his home community, has stable employment, and has family support. The court likewise recognizes that Defendant Young has no prior criminal convictions. However, the evidence reflects that Defendant Young was engaging in horrific sexual abuse of his stepdaughter for many years and more recently has engaged in a pattern of online conduct involving child sexual abuse material. From the facts before the court, the negative aspects of Defendant Young's history and characteristics appear to <u>vastly</u> outweigh the positive.

In short, based upon consideration of the factors set out in the Bail Reform Act (18 U.S.C. § 3142(g)(1) through (4)), along with the residual weight of the rebutted presumption, *King*, 849 F.2d at 488, the court has found the Government to have proven by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community if Defendant Young were released pending trial.[2]

*Risk of Non-Appearance*

With respect to whether Defendant Young poses an unmanageable risk of non-appearance, the court cannot ignore that Defendant Young resides far from the charging district. And the court was not presented with any evidence that Defendant Young's family members—despite being supportive—could assist in ensuring his attendance at future proceedings. Moreover, the serious nature of the charges and corresponding penalties being faced by Defendant Young could provide ample motivation to flee from prosecution. Though such considerations might not individually be enough to tip the scales toward detention for risk of non-appearance, the totality of the evidence favoring detention preponderates over the competing evidence so as to warrant a finding that no condition or combination of conditions will reasonably assure Defendant Young's appearance if he is not detained.

---

[2] Although various conditions might be deemed sufficient in other instances, the court simply is unable to fashion any combination of conditions that would reasonably assure the safety of the community under the particular circumstances now presented. For example, home incarceration with location monitoring would not sufficiently mitigate the risk of danger in that those restrictions would not prevent Defendant Young from accessing the internet. The court could additionally impose a prohibition against internet use, but it would have to trust Defendant Young to adhere to that requirement. Evidence that Defendant Young is a sophisticated user of anonymizing computer technology who evaded detection for a yearslong period and who counselled others on how to do the same gives the court no comfort that Defendant Young should be trusted for voluntary compliance. Even assuming Defendant Young's wife and other family members were active participants in his supervision, the reality remains that Defendant Young was able to hide his reprehensible conduct from them in the years leading up to his arrest.

*Conclusion*

In consideration of the foregoing, and for those additional reasons explained at length at the conclusion of the August 4, 2025 hearing, the Motion for Detention (Doc. 32) is **GRANTED**. Defendant Young shall remain committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, and Defendant Young shall be afforded a reasonable opportunity for private consultation with defense counsel during his confinement. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant Young to the United States Marshals Service for the purpose of appearing at a court proceeding.

**DONE** this the 7th day of August 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**